**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HILL COUNTRY UTILITIES, L.L.C.** | § | |
| | § | |
| **V.** | § | **A-20-CV-959-LY** |
| | § | |
| **AMERIGAS PROPANE, L.P.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Remand (Dkt. No. 9); the Response (Dkt. No. 11); and Reply (Dkt. No. 14). The District Judge referred the above-motion to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

This case involves a dispute about a forum selection clause contained in a contract between the parties.   Hill Country Utilities, L.L.C. is a real estate developer that does most of its business in Central Texas. In 2018, Hill Country began work on a real estate development near Spicewood, Texas called Ascensions on Lake Travis. As part of the development, Hill Country entered into a written contract with AmeriGas Propane, L.P., to provide installation, maintenance, and provision of a propane distribution system to Ascensions. Dkt. No. 9-1. Under the contract, AmeriGas agreed to install certain equipment and provide propane services to the neighborhood. *Id.* at 2; 3, § 2.3; 4, § 4.1. AmeriGas agreed it would invoice the owner of each unit based on that unit's propane usage. *Id.* at 3, § 2.3. In consideration for receiving the exclusive contractual right to provide propane services to Ascensions, AmeriGas also agreed to pay Hill Country a quarterly royalty fee based on neighborhood consumption. *Id.* at 3-4, § 3.6.

Hill Country asserts that AmeriGas seriously delayed performance of its contractual obligations, delaying the development. In October 2019, AmeriGas informed Hill Country that it was repudiating the contract. Hill Country alleges that along with its loss of royalty fees, it is struggling to power the development and facing substantial costs to mitigate its losses and to continue the development. Hill Country filed suit in state court in Travis County, asserting AmeriGas breached the contract. AmeriGas removed the case to this Court based on diversity jurisdiction. Hill Country now moves to remand, arguing that the contract prohibited removal.

## II.  STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332. Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## III.  ANALYSIS

Hill Country bases its motion to remand on a provision of the Agreement. That provision states:

> 11.4. Governing Law. The Agreement shall be governed in all respects by the laws of the State of Texas without regard to the state's choice of law provisions. Each Party consents to the exclusive jurisdiction before the United States District Court for the Western District of Texas or state courts located in Travis County, Texas having appropriate jurisdiction.

2

Dkt. No. 9-1. Hill Country contends that this clause did two things: (1) it gave each party the right to file a breach of contract suit in either state or federal court in Travis County; and (2) it provided that each party agreed it would not challenge whichever of those venues the first party chose. AmeriGas disagrees, and notes that there is no language in the contract waiving its right to remove any suit, and because there is diversity jurisdiction, and the contract specifically identified the Western District as a permitted forum, it was permitted to remove the case to this Court. It further notes that Hill Country is reading language into § 11.4 that is not there, and courts faced with "materially identical" forum selection clauses have denied motions to remand. Dkt. No. 11 at 2.

In the Fifth Circuit a party may contractually waive its right to remove a case from state to federal court by: (1) explicitly stating that it is doing so; (2) allowing the other party the right to choose venue; or (3) establishing an exclusive venue within the contract. *City of New Orleans v. Mun. Admin. Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). In *City of New Orleans*, the court explained that a party who "consents to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *Id.* Rather, for a clause to create an exclusive forum for suit, "it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir.1974)). The waiver must be "clear and unequivocal," if not explicit. *McDermott International, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir.1991). "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017) (citing *New Orleans*, 376 F.3d at 505-06).

Relying on two Fifth Circuit cases and two district court decisions, Hill Country argues that § 11.4 satisfies two of the three permissible means for AmeriGas to have waived its right to remove: (1) it provides two courts of exclusive venue—Travis County state court or the Western District of

Texas; and (2) it gives the party filing suit the right to pick from either of these two exclusive venues. The first case Hill Country relies on for this claim is *Waters v. Browning–Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). In *Waters*, the Fifth Circuit panel interpreted the following clause:

> Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of [Texas] or the courts of the United States for [Texas], (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.

252 F.3d at 797. The *Waters* court reasoned that "[a] reading of this provision leads . . . to the inescapable conclusion that the plaintiff negotiated with the defendant a clear right to establish 'irrevocably' the place where his suit could be filed and heard." *Id.* at 798. The court further noted that although a waiver of the right to remove need not include "magic" words, that was not a problem in that case, as the company explicitly "waive[d] any objection" to the two agreed- upon venues. *Id.* at 797.

Hill Country also relies on the Fifth Circuit's decision in *City of Rose City v. Nutmeg Insurance Co.*, 931 F.2d 13 (5th Cir.1991). The contract in that case stated:

> [i]n the event of our [Nutmeg's] failure to pay any amount claimed to be due under your [Rose City's] policy, we, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

*Id.* Rose City initially filed suit in state court, and Nutmeg removed it to federal court. Rose City then moved to remand, arguing that the language of the agreement prevented Nutmeg from removing the case. The district court disagreed and denied the motion to remand. The Fifth Circuit reversed, stating:

> Here there was no question that Nutmeg would have to submit to the jurisdiction of some court in the United States. Nutmeg is a Connecticut corporation with its principal place of business in Hartford, Connecticut. . . . [I]t is clear from the language of the clause at issue here that Nutmeg did not promise only to submit to

4

> the jurisdiction of "*some* Court . . . within the United States," but rather promised to
> submit to the jurisdiction of "*any* Court . . . within the United States." We are
> persuaded that this clause gives to the policyholder (or its assignee) the right to select
> the forum, foreclosing Nutmeg's right to remove this action to federal court.

*Id.* at 15-16.  Hill Country contends this reasoning applies here as well, noting that the court stated

that although the contract language did "not specifically mention the right of a defendant to remove

an action from state court to federal court, the language of the clause makes clear that the

policyholder shall enjoy the right to choose the forum in which any dispute will be heard." *Id.* at 15.

This argument overlooks the important distinctions between the contract language in *City of

Rose City* and the contract language here.  First, as the Circuit noted, Nutmeg agreed that it could

be sued in *any* court of competent jurisdiction.  And importantly, it also agreed that it would "comply

with all requirements necessary to give such Court jurisdiction." *City of Rose City*, 931 F.2d at 13.

Taken together, this language clearly implies that Nutmeg was waiving the right to change the venue

that Rose City selected.  So, while the word "waiver" is not present in the *City of Rose City* contract,

by agreeing that it would "comply with all requirements necessary to give [Rose City's chosen

forum] jurisdiction," Nutmeg implicitly waived the right to remove the case.[1]  In the contract here,

there is no comparable language that even implies that the parties were agreeing not to remove a suit

to the agreed upon federal forum if they were sued in state court.

Hill Country also cites to two district court decisions.  The first is *WDMG, L.C.C. v. Sirius

Satellite Radio, Inc.*, 2008 WL 4998783 (N.D. Tex. Nov. 21, 2008), a Northern District of Texas

case. In *WDMG*, the court addressed the following contractual language:

> The Investor [Sirius] irrevocably and unconditionally waives any objection to the
> laying of venue of any action, suit or proceeding arising out of this Agreement or the
> transactions contemplated hereby in the United States District Court for the Northern
> District of the State of Texas or the state courts of the State of Texas located in

---

[1]The fact that the venue agreement was not mutual, and only protected Rose City's choice
of venue was also likely important to the Circuit's interpretation of the clause.

> Dallas County, Texas and hereby irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit, or proceeding brought in such court has been brought in an inconvenient forum.

*Id.,* at *1. Relying on the Fifth Circuit's decision in *Waters*, Judge Lynn found that with this language Sirius had waived its right to remove. She stated, "[l]ike in *Waters*, Sirius (1) gave Plaintiff multiple options as to where Plaintiff could file suit (the Northern District or the state courts in Dallas County), (2) consented to the jurisdiction of those courts, and (3) waived any objection to venue provided the suit was filed in one of the courts specified." *Id.* at *2. She further noted "the *Waters* court read the waiver of any objection to venue clause as meaning that the consenting party not only waived its right to filing a change of venue motion, but also any right to attempt to change the forum chosen by the plaintiff." *Id.*

Hill Country argues that the contractual language at issue in *WDMG* is "strikingly similar" to the language in its contract with AmeriGas. Dkt. No. 9 at 7. Hill Country focuses on the fact that both agreements provided for two agreed-upon venue options, and contends that under *WDMG* when this is the case the plaintiff's choice of forum is not subject to change. *Id.* This misreads the decision. In the contract here there is an important ingredient missing that was present in both *Waters* and *WDMG*. In both of those contracts not only did the parties agree that there were two permissible forums for suit, the parties also explicitly waived the right to object to, or seek to alter, whichever of those forums the plaintiff chose. No such language—explicit or implicit—is present in the Hill Country Agreement.

The last case Hill Country relies on is *Whitaker v. Vista Staffing Sols., Inc*., 2017 WL 2983040 (S.D. Tex. July 11, 2017). In *Whitaker*, the court examined a clause stating:

> Each party (a) submits to the jurisdiction of any state or federal court sitting in Houston, Texas in any action or proceeding arising out of or relating to this Agreement . . . , (b) agrees that all claims in respect of such action or proceeding may be heard and determined in any such court, (c) waives any claim of inconvenient forum or other challenge to venue in such court, [and] (d) agrees not to bring any

6

action or proceeding arising out of or relating to this Agreement in any other court. . . .

*Id.* at \*1. Judge Rosenthal determined that this language created a "clear and unequivocal waiver of removal rights if the plaintiff chose to file suit in state court." *Id.* at \*2. She held that "the party initiating the litigation could choose whether to proceed in state court or federal court, as long as it was in Harris County," and under the contract, "[t]he other party cannot challenge that choice." *Id.* at \*3. Hill Country argues that this "first-mover" rationale applies to this case as well. Once again, Hill Country ignores that the contract in *Whitaker* contained explicit waiver language in which the parties "waived any claim of inconvenient forum or other challenge to venue in" the forum chosen by the plaintiff.  Not to beat a dead horse, but that kind of language is not in the contract here.

In sum, as AmeriGas points out, "every case cited by [Hill Country] contains clear and explicit language waiving objections to venue or granting one party sole discretion for choosing the venue—language not found in the parties' contract here." *Id* at. 4. Indeed, when courts have been faced with contract language similar to that here they have found that the clauses were insufficient to prevent a party from removing the case.  For example, in *Alliantgroup, L.P. v. Feingold,* 2009 WL 514058, at \*2 (S.D. Tex. Mar. 2, 2009), the parties' agreement stated that "proper subject matter and personal jurisdiction shall be had solely in the State of Texas. The sole venue for disputes arising hereunder shall be in Houston, Harris County, Texas." Judge Rosenthal found this language did not qualify as a waiver of the right to remove to federal court. Synthesizing the Fifth Circuit law on the issue of waiver, she stated that "[p]roperly interpreted, the clause means that Feingold consented to jurisdiction and venue in any court located in Houston, Harris County, Texas, including this court," and that "Feingold did not waive any objection to venue. Nor did he agree that Alliantgroup would have 'the right to choose forum' in which any dispute would be heard. Feingold did not waive his right to remove a suit to federal court." *Id.*, at \*6.  There are many other district court cases

construing similar clauses, clauses like the one at issue here, and all of them reach the same conclusion.[2]  Given the case law, the language of the parties' contract is insufficient to support Hill Country's claim that AmeriGas waived its right to remove the suit to federal court.

Hill Country makes two additional arguments, which are easily dispatched.  First, Hill Country argues that because the parties were of diverse citizenship when they entered into the Agreement, and because the high dollar amounts that were at stake in the contract meant any dispute would likely exceed $75,000 in controversy, AmeriGas' consent to being sued in state court was in effect a waiver of its removal rights. Dkt. Nos. 9 at 12; 14 at 3. The Court is unpersuaded.  Although the parties were diverse at the time they entered the contract, and the contract involved large dollar amounts, that does not mean that every dispute that could have arisen under the contract would meet the amount in controversy threshold for diversity jurisdiction.  Further, the better reading of the language is that AmeriGas was reserving the right to decide which of the two forums it preferred, whether it was the plaintiff or defendant in any contract dispute.  Just because a party has the statutory right to sue or be sued in federal court does not mean that the party will always choose federal court.  By including state court in Travis County as one of the permitted forums, AmeriGas was leaving itself the option to choose between state and federal court once a suit was filed.

Finally, Hill Country argues that the "appropriate jurisdiction" language of the Agreement mandates remand.  As mentioned earlier, the last sentence of the clause states that "Each Party

---

[2] *E.g.*, *IMCO Recycling, Inc. v. Warshauer*, 2001 WL 1041799 (N.D. Tex. Aug.31, 2001), *Xome Settlement Servs., LLC v. Certain Underwriter's at Lloyd's,* 384 F. Supp. 3d 697, 701 (E.D. Tex. 2019) (finding no waiver and denying remand); *Hico, Inc. v. Titan Indem. Co.*, 2005 WL 3818878, at *2 (W.D. Tex. Dec. 6, 2005) (clause stated that "the parties consent to the exclusive personal jurisdiction and venue of the state and federal courts located in Bexar County"); *J.D. Fields & Co., Inc. v. Shoring Engineers*, 391 F. Supp. 3d 698, 704–05 (S.D. Tex. 2019) (clause stated suit "shall be brought only in State or Federal Court in Harris County in the State of Texas"); *Dual Trucking, Inc. v. JC Instride, Inc.,* 2013 WL 3818357, at *3 (E.D. La. July 22, 2013) (parties consented to the exclusive jurisdiction of the state courts of Terrebonne Parish or the federal courts in the Eastern District of Louisiana).

consents to the exclusive jurisdiction before the United States District Court for the Western District of Texas or state courts located in Travis County, Texas *having appropriate jurisdiction*." Dkt. No. 9-1 (emphasis added).  Though it is not entirely clear to the Court what Hill Country's argument on this point is, it appears it contends that so long as its choice of state court was "appropriate" ("suitable"or "fitting") then that choice was final;  the "selection of Travis County state court as a court of 'appropriate' jurisdiction is not subject to any qualification, nor condition, nor exception for diversity of citizenship." Dkt. No. 9 at 10.  At best, this is an awkward reading of the language.  The much more straightforward reading of the language is that "having appropriate jurisdiction" modifies "state courts located in Travis County, Texas."  There are a host of "state courts located in Travis County, Texas," ranging from justice of the peace courts, to county courts at law, to probate courts, and district courts. Not all of these courts would have jurisdiction over a contract dispute under the Agreement, and thus not all of "the state courts of Travis County" would have "appropriate jurisdiction" over a dispute.[3]  Read as a whole, the phrase "state courts located in Travis County, Texas having appropriate jurisdiction" refers to whichever of the state courts would be the correct one for a breach of contract suit.  That reading gives meaning to all of the language of the contract.

In sum, nothing in the contract at issue prevented AmeriGas from removing the case to this Court.  Because there is no dispute that the requirements of diversity jurisdiction are present here,[4] AmeriGas' removal of the suit was proper, and the motion to remand should be denied.

---

[3]For example, the maximum amount of controversy for Texas justice courts is $20,000. TEX. GOV'T CODE § 27.031(a).  Constitutional county courts and county courts-at-law also have jurisdictional minimums and maximums. *See, e.g., id.* at §§ 25.0003(c)(1); 26.042.

[4]Hill Country is a Texas limited liability company and all of its members are Texas citizens. Dkt. 1 at 2.  AmeriGas is a Delaware limited partnership with its principal place of business in Pennsylvania, and the ownership of all of its limited partners traces back to corporations incorporated and headquartered in either Delaware or Pennsylvania. *Id.* Hill Country's suit "seeks monetary relief of more than $1,000,000."  Dkt. No. 1-1 at 2.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Remand (Dkt. No. 9).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of April, 2021.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE